# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

---

MINNESOTA LIFE INSURANCE
COMPANY,

                Plaintiff,

                                **MEMORANDUM OF LAW**
                                       **AND ORDER**

v.                              Civil File No. 22-02718 (MJD/TNL)

MATTHEW F. STRONG,
STRONG FINANCIAL SOLUTIONS, INC.,
                Defendants.

---

George E. Warner, Jr., Warner Law, LLC, Counsel for Plaintiff.

David A. Davenport, BC Davenport, LLC and Michael Smith, Law Office of
Michael D. Smith, P.C., Counsel for Defendants.

---

## I.      INTRODUCTION

        This matter is before the Court on Defendants' Motion to Dismiss or, in the

Alternative, for an Order for Minnesota Life to Promptly Provide Defendants

with a More Definite Statement of the Basis for its Claims and the Liability it

Alleges Against Each Defendant.  (Doc. 10.)

## II.      BACKGROUND

### A.      Procedural Posture

The facts are taken from the Complaint ("Compl.") and all exhibits are incorporated into the Complaint by reference because the exhibits were attached to the Complaint.  (Doc. 1.)  On October 12, 2022, Plaintiff Minnesota Life Insurance ("Minnesota Life") sued Defendants Matthew F. Strong and Strong Financial Solutions, Inc. (collectively "Defendants") in Ramsey County, Minnesota District Court alleging five counts:

I.      Breach of contract;
II.      Account stated;
III.      Unjust enrichment;
IV.      Breach of duty of good faith and fair dealing; and
V.      "Additional and unknown claims."

(Compl. ¶¶ 22-42.)  Minnesota Life seeks a money judgment against Defendants for "sums due."  (Id. ¶  21.)  On October 27, 2022, Defendants timely removed the case to this Court.  (Doc. 1.)

### B.      Relevant Facts

Minnesota Life is a duly-registered Minnesota corporation.  (Compl. ¶ 1.) Defendant Matthew F. Strong ("Strong") is a Florida resident and licensed insurance agent; Defendant Strong Financial Solutions, Inc. ("Strong Financial")

was a Florida corporation that was voluntarily dissolved in 2018.  (<u>Id.</u> ¶¶ 2-3; Pl. Exs. A, B.)

On or about March 15, 2013, Strong entered into a Broker Sales Contract with Minnesota Life.  (Compl. ¶ 7; Pl. Ex. C.)  On or about January 13, 2014, Strong Financial, through Strong as its officer, entered into a Brokerage General Agency Contract with Minnesota Life.  (Compl. ¶ 9; Pl. Ex. D.)  Together these contracts are referred to as "the Agreements."  (Compl. ¶ 11.)

"Under the Agreements, Defendants were entitled to and did receive significant advance commissions for the sale of insurance products issued by Minnesota Life or its affiliates."  (<u>Id.</u> ¶ 12.)  Also under the Agreements, if any products sold were later canceled or otherwise rescinded by the purchasers, the Defendants were obligated to repay the commissions they received.  (<u>Id.</u> ¶ 13.)

Minnesota Life made advance payments to Defendants for certain sales that were later canceled or rescinded and then demanded repayment of the commissions owed to it due to Defendants' failure to repay the commissions as agreed.  (<u>Id.</u> ¶¶ 14-18; Pl. Exs. E (Dec. 2021 demand letter sent to Strong); F (LPM Commission Statement—accounting of sums remaining due from Strong Financial Solutions).)  The Complaint explained that the LPM Commission

Statement shows a smaller amount due than the demand letter because

Defendant's debt to Minnesota Life has been reduced since the demand letter

was written.  (Compl. ¶ 19.)  Minnesota Life alleges that Defendants are in

default of their obligations  under the Agreements due to their failure to repay

the commissions as agreed.  (Id. ¶ 16.)

## III.    DEFENDANTS' MOTION TO DISMISS UNDER FED. RULE CIV. P. 12(b)(6)

### A.    Legal Standard for Motions to Dismiss

Under Rule 8(a)(2), a pleading must contain a "short and plain statement

of the claim showing that the pleader is entitled to relief."  This standard "does

not require detailed factual allegations, but [does demand] more than an

unadorned, the-defendant-unlawfully-harmed-me-accusation."  Ashcroft v.

Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted).

Under Rule 12(b)(6), a party may move the Court to dismiss a claim if, on

the pleadings, a party has failed to state a claim upon which relief may be

granted.  In reviewing a motion to dismiss, the Court takes all facts alleged in the

complaint to be true.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007);

Zutz v. Nelson, 601 F.3d 842, 848 (8th Cir. 2010).

> To survive a motion to dismiss, a complaint must contain sufficient
> factual matter, accepted as true, to state a claim to relief that is
> plausible on its face.  Thus, although a complaint need not include

4

detailed factual allegations, a plaintiff's obligation to provide the
grounds of his entitlement to relief requires more than labels and
conclusions, and a formulaic recitation of the elements of a cause of
action will not do.

Zutz, 601 F.3d at 848 (citations omitted); Iqbal, 556 U.S. at 678 ("Threadbare

recitals of the elements of a cause of action, supported by mere conclusory

statements, do not suffice.").

"A claim has facial plausibility when the plaintiff pleads factual content

that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). Thus, the

Court "need not accept as true a plaintiff's conclusory allegations or legal

conclusions drawn from the facts." Glick v. W. Power Sports, Inc., 944 F.3d 714,

717 (8th Cir. 2019) (citation omitted).

Generally, when considering a motion to dismiss, a court must ignore

materials outside the pleadings. Porous Media Corp. v. Pall Corp., 186 F.3d 1077,

1079 (8th Cir. 1999). The Court may, however, consider some materials that are

(1) "part of the public record," (2) "do not contradict the complaint," or (3) are

"necessarily embraced by the pleadings." Id. (quotations omitted) (citing

Missouri ex rel. Nixon v. Coeur D'Alene Tribe, 164 F.3d 1102, 1107 (8th Cir.

5

1999); <u>Piper Jaffray Cos. v. Nat'l Union Fire Ins. Co.</u>, 967 F. Supp. 1148, 1152 (D.

Minn. 1997)).

### B.   Defendants' Arguments

Defendants argue that the Complaint fails to state a claim because it is

"skeletal" and because Minnesota Life concedes that Strong Financial has been

dissolved.  (Doc. 11 at 2.)  Defendants assert,

> The Complaint does not allege the dates on which the alleged sales
> of the insurance products on which it is based occurred, which
> alleged sales of insurance products were rescinded, the reasons for
> the alleged rescissions, the dates of the alleged rescissions, the
> identity of the customers allegedly involved, which Defendant
> received the alleged "advanced commissions," [or] how or why the
> Defendants would be jointly and severally liable to Minnesota Life . .
> . .

(<u>Id.</u> at 3.)  Defendants argue that failure to allege these facts is "critical."  (<u>Id.</u> at

4.)  Defendants aver that merely attaching the Agreements to the Complaint does

not tell them the following information:

> .   .   . (1) whether the allegations have any genuine basis, (2) whether
> the Defendants could properly be jointly and severally liable (or
> whether Strong Financial, an admittedly dissolved entity, was
> improperly named in this action and should be dismissed), (3) the
> legal basis for any alleged recissions, (4) whether the alleged
> recissions were timely and proper (or, more likely, subject to attack
> including by affirmative defenses), and (5) whether any third parties
> have or could have partial or derivative liability.

6

(Doc. 18 at 2.)  Defendants also argue that the "cryptic nature" of the Complaint prevents them from determining whether they have potential compulsory counterclaims.  (Id.)

Defendants further assert that the Complaint is merely a recitation of the elements of claims and selected conclusory facts that "fail[] utterly to inform" them or the Court of the actual transactions at issue and who the parties to the transactions actually were.  (Doc. 11 at 4.)  Defendants argue that this is especially true since Minnesota Life concedes that Strong Financial is dissolved and alleges in a "purely conclusory fashion" that Defendants are jointly and severally liable.  (Id.)  Defendants describe the "vagueness and brevity" of the Complaint on these issues as "suspiciously artful."  (Id.)

Finally, Defendants argue that whatever the fate of Counts I-IV, Count V must be dismissed because the claim does not exist in law and Minnesota Life cannot recover for claims it cannot even name.  (Id.)

C.     Analysis

Minnesota Life admits that the Parties had a "multi-year relationship involving a series of transactions and occurrences."  (Doc. 16 at 1.)  The Complaint references the Agreements, a demand letter, and an outstanding

7

commission statement without going into much detail.  It does, however, attach

the December 2021 Demand Letter for $267,536.80 in outstanding commission

debts and a Commission Statement showing an outstanding balance owing of

$267,500.08 to the Complaint, along with the Broker Sales Contract and the

Brokerage General Agency Contract.  (Pl. Exs. C, D, E, F.)  The question becomes

whether this fairly cursory complaint and the documents it encompasses satisfy

Twombly and Iqbal.

Residential Funding Co. v. Gateway Bank, F.S.B. is instructive.  Civil No.

13–3518 (MJD/JSM), 2014 WL 3952321 (D. Minn. Aug. 13, 2014).  In Residential

Funding, the plaintiff, a holding company, sued the defendant, a bank that had

sold it over 350 mortgage loans.  Id. at *2.  The defendant filed a motion to

dismiss under Rule 12(b)(6) because the complaint at issue failed to specify

which loans were defective, how they were defective, and what portions of the

parties' main contract was breached.  Id. at *10.  The court rejected those

arguments because federal pleading standards do not require that level of detail.

Id. (adopting Magistrate Judge's Report and Recommendation).  The court noted

that whether the plaintiff would be required at a later date to prove which loans

were defective and how they were defective did not affect the fact that it was not

required to offer that proof in the complaint.  Id. at *13.  The court held that the complaint stated enough facts alleging breach of contract to satisfy modern pleading standards.  Id. at *5-6, *13.

While the instant Complaint does not contain facts about underlying corporate misdeeds and legal troubles like the complaint in Residential Funding, see id., the Complaint does include the facts underlying the contract-based claims and core relationships that form the foundation of this case.  It also encompasses a Commission Statement and a December 2021 Demand Letter that refers to an August 2021 letter, thus providing Defendants with notice regarding the total amount of damages at issue and why.  The Complaint and the documents encompassed by the Complaint plead "factual content that allows the court to draw the reasonable inference that [the Defendants are] liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.  That is sufficient at this point.  Defendants can ask about specific policies during discovery.  See Delker v. MasterCard Int'l, Inc., 21 F.4th 1019, 1024 (8th Cir. 2022) (noting that an adequate claim for relief "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the claim or element") (quoting Twombly, 550 U.S. at 556) (cleaned up).  Although somewhat cursory, when considering the

documents encompassed by the Complaint, the Complaint states the grounds for

Minnesota Life's entitlement to relief and is more than "a formulaic recitation of

the elements of a cause of action." Zutz, 601 F.3d at 848. Thus, Defendants'

Motion to Dismiss will be denied as to Counts I-IV.

However, Minnesota Life concedes that Count V, Additional and

Unknown Claims, "is not a legally cognizable claim, but merely a pleading

convention often followed in state court, i.e., a placeholder for possible future

claims and the prospect of amended pleadings following discovery." (Doc. 16 at

2 n.1.) Therefore, Count V will be dismissed.

## IV.   DEFENDANTS' ALTERNATIVE REQUEST TO DISMISS UNDER FED. RULE CIV. P. 12(e)

Because the Court finds that the Complaint provides Defendants enough

notice to frame an answer, the Court denies Defendants' Alternative Request for

a More Definite Statement Under Federal Rule of Civil Procedure 12(e).

Defendants can obtain more detailed information during discovery. The

Complaint is not vague or ambiguous and Defendants merely seek more detail,

which is the purpose of interrogatories and other written discovery. "Rule 12(e)

provides a remedy for unintelligible pleadings; it is not intended to correct a

claimed lack of detail." Radisson Hotels Int'l, Inc. v. Westin Hotel Co., 931 F.

Supp. 638, 644 (D. Minn. 1996) (opining that the detail defendants sought could be obtained through discovery).

**V.     ORDER**

Based upon the files, records, and proceedings herein**, IT IS HEREBY ORDERED**:

Defendants' Motion to Dismiss or, in the Alternative, for an Order for Minnesota Life to Promptly Provide Defendants with a More Definite Statement of the Basis for its Claims and the Liability it Alleges Against Each Defendant **(Doc. 10)** is **GRANTED in part and DENIED in part**;

1.     The Motion is **GRANTED as to Count V** and **DENIED as to all other Counts**; and

2.     **Count V of the Complaint is DISMISSED WITH PREJUDICE**.

**LET JUDGEMENT BE ENTERED ACCORDINGLY**.

Dated:  June 6, 2023                                    s/Michael J. Davis
                                                        Michael J. Davis
                                                        United States District Court

11