UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Minnesota Life Insurance Company, a Minnesota corporation,<br><br>Plaintiff,<br>vs.<br><br>MATTHEW F. STRONG, a Florida citizen, and STRONG FINANCIAL SOLUTIONS, INC., a Florida corporation,<br><br>Defendants. | Civil Action No. 22-cv-02718 (MJD/TNL)<br>Judge Michael J. Davis |

**PARTIES JOINT REPORT PURSUANT TO FED. R. CIV. P. 26**

The parties/counsel identified below participated in the meeting required by Fed. R. Civ. P. 26(f) and the Local Rules and prepared the following report.

The initial pretrial conference in this matter is scheduled for July 21, 2023, before United States Magistrate Judge Douglas L. Micko via Zoom – audio only.

**DESCRIPTION OF CASE**

1. Concise factual summary of Plaintiff's claims:

**The Plaintiff brought this collection action to recover advanced commissions provided to the Defendants based on sales projections, which sales were later rescinded or cancelled.**

2. Concise factual summary of Defendant's claims/defenses:

**The Defendants assert that the Plaintiff lacked good faith in its conduct regarding the cancellation or rescission of the sales alleged to be at issue and that cancellations and rescissions were not timely and therefore that Plaintiff's claims are barred.**

3. Statement of jurisdiction (including statutory citations):

**The Defendants removed this matter from Ramsey County District Court. The Court has diversity jurisdiction under 28 U.S.C.A. § 1332.**

4. Summary of factual stipulations or agreements;

**None.**

5. Statement of whether jury trial has been timely demanded by any party;

**Defendants timely demanded a jury trial in their Answer.**

6. Statement of whether all process has been served, all pleadings filed, and any plan for any party to amend pleadings or add additional parties to the action;

**All process has been served.**

7. If applicable, a list of all insurance carriers/indemnitors, including limits of coverage of each defendant or statement that the defendant is self-insured; and

**None.**

8. If the parties would like the case resolved under the Rules of Procedure for Expedited Trials of the United States District Court for the District of Minnesota, a statement of the parties' agreement to that effect.

**The parties do not wish to resolve this matter as an Expedited Trial.**

## CLASS CERTIFICATION MOTION (*if applicable*)

1. Plaintiff(s) shall file their motion for class certification on or before **N/A**.

2. Defendant(s) shall file papers in opposition on or before **N/A**.

3. Plaintiff(s) reply shall be filed on or before **N/A**.

## DISCOVERY

Pursuant to Fed. R. Civ. P. 26(f), the parties must prepare a discovery plan that is designed to maximize the efficiency of pretrial case preparation. The parties must review and address each of the matters set forth in Fed. R. Civ. P. 26(f)(3)(A)–(F) and design a discovery plan that is appropriate and proportionate to the case. The Court expects counsel and parties to cooperate in the development and implementation of the discovery plan.

The details of the discovery plan should be set forth in this Report. The following discovery schedule and limitations are intended to guide the parties and should be useful in the ordinary case; however, the parties are encouraged to reach agreement on, and suggest to the Court, a discovery plan that takes into account the unique circumstances of the individual case. To the extent the parties cannot reach agreement on any particular item, they should set forth their separate positions in this section so that they can be discussed at the Pretrial Conference.

**FACT DISCOVERY**

The parties recommend that the Court establish the following fact discovery deadlines and limitations:

1. The parties must make their initial disclosures required by Rule 26(a)(1) on or before **August 1, 2023**.

2. Fact discovery procedures shall be commenced in time to be completed on or before **April 1, 2024**.

3. The parties **do not** believe that discovery should be conducted in phases or limited to or focused on certain issues or certain sources before others. (If so, describe.)

4. The parties propose that the Court limit the use and number of discovery procedures as follows:

    a) No more than a total of **50** interrogatories, counted in accordance with Rule 33(a), shall be served by each side.

    b) No more than **50** document requests shall be served by each side. The parties understand that objections to document requests must meet the requirements of Rule 34(b)(2)(B).

    c) No more than **50** requests for admissions shall be served by each side.

5. Neither party anticipates taking any Rule 35 Medical Examinations at this time.

6. No more than **Ten (10)** fact depositions, including Rule 30(b)(6) depositions and excluding expert witness depositions, shall be taken by either side.

    **Plaintiff: 10**

**Defendants: 10**

7. Where appropriate, the parties are encouraged to discuss possible additional agreements concerning limitations on the number and/or length of depositions, procedures for noticing and taking Rule 30(b)(6) depositions, the arrangements that may be needed for depositions taken outside the U.S. and/or in a language other than English, and other issues that, if addressed early, could make deposition discovery more cost-effective and avoid costly and time-consuming disputes.

    The parties have reached the following additional agreements concerning the taking of depositions: **None.**

8. The parties have agreed upon the following additional limitations on discovery procedures: **None**.

9. Other discovery issues.

    a) Discovery of Electronically Stored Information. The parties have discussed issues about preservation, disclosure, production, or discovery of electronically stored information, as required by Fed. R. Civ. P. 26(f), and request the Court to include the following agreement in the scheduling order: **Electronically stored information will be produced as unitized record-by-record PDFs, with separate record-by-record extracted-text text files, and metadata fields as specified in the parties' discovery requests (where available and reasonably accessible).**

    b) Claims of Privilege or Protection. The parties have discussed issues about claims of privilege and of protection as attorney work-product or trial preparation materials, as required by Fed. R. Civ. P. 26(f), including whether the parties agree to a procedure to assert these claims after production, or have reached any other agreements under Fed. R. Evid. 502, and request the Court to include the following agreement in the scheduling order or as part of a protective order:

    > The parties agree to follow the procedure set forth in Fed. R. Civ. P. 26(b)(5)(B) regarding information produced in discovery that is subject to a claim of privilege or protection as trial-preparation material. Pursuant to Fed. R. Evid. 502, the inadvertent production of any documents in this proceeding

4

shall not constitute a waiver of any privilege or protection applicable to those documents in any this or any other federal or state proceeding.

**EXPERT DISCOVERY**

The parties presently anticipate that they **will** require expert witnesses at trial, and propose that the Court establish the following plan for expert discovery:

1. Plaintiff anticipates calling up to 1 expert. Defendant anticipates calling up to 3 experts. Each party may take one deposition per expert.

2. Disclosure of the identities of expert witnesses under Rule 26(a)(2)(A) and the full disclosures required by Rule 26(a)(2)(B) (accompanied by the written report prepared and signed by the expert witness) and the full disclosures required by Rule 26(a)(2)(C), shall be made as follows:

    a) Identities by Plaintiff on or before **April 1, 2024**.
    Disclosures by Plaintiff on or before **April 1, 2024**.

    b) Identities by Defendant on or before **April 30, 2024**.
    Disclosures by Defendant on or before **April 30, 2024**.

    c) Rebuttal identities and disclosures on or before **May 31, 2024**.

3. Expert discovery, including depositions, shall be completed by **July 1, 2024**.

**NON-DISPOSITIVE MOTION DEADLINES**

The parties propose the following deadlines for filing non-dispositive motions:

1. Except as provided in paragraph 4 below, all motions that seek to amend the pleadings or to add parties must be filed and served on or before **May 1, 2024**.

2. All motions that seek to amend the pleadings to include punitive damages, if applicable, must be filed and served on or before **May 1, 2024**.

3. Except as provided in paragraph 4 below, all non-dispositive motions and supporting documents, including those that relate to fact discovery, shall be filed and served on or before **April 15, 2024**. [**NOTE:** Absent unusual circumstances, this date should be no more than two weeks following the

    close of fact discovery.]

4. All non-dispositive motions and supporting documents that relate to expert discovery shall be filed and served on or before **June 15, 2024**. [**NOTE:** Absent unusual circumstances, this date should be no more than two weeks following the close of expert discovery.]

### PROTECTIVE ORDER

If either party believes a Protective Order is necessary, the parties shall jointly submit a proposed protective order, identifying any terms on which the parties disagree so they can be discussed in connection with the pretrial conference. No protective order may include language purporting to obligate the Court or the office of the Clerk of Court to destroy or return confidential documents to the parties after the conclusion of the case. The parties are also reminded that their Stipulation for Protective Order must be filed in CM/ECF, and a Word version of the document must be e-mailed to Magistrate Judge Micko's chambers.

The absence of a protective order entered by the Court will not be a basis for withholding discovery or disclosures. If any document or information responsive to discovery served in this case is deemed confidential by the producing party and the parties are waiting for the Court to enter a protective order, the document shall be marked "Confidential" or with some other Confidential designation (such as "Confidential - Outside Attorneys Eyes Only") by the producing party and disclosure of the Confidential document or information shall be limited to each party's outside attorney(s) of record and the employees of such outside attorney(s). After the Court enters a protective order, such documents and information shall be treated in accordance with the protective order.

### DISPOSITIVE MOTION DEADLINES

The parties **do not** agree whether expert discovery must be completed before dispositive motions are filed. The Plaintiff believes all dispositive motions should be filed and served on or before **July 1, 2024**. The Defendants believe all dispositive motions be filed and served on or before **August 1, 2024**.

### SETTLEMENT

1. The parties must conduct a meaningful discussion about possible settlement before the initial pretrial conference, including a written demand by the Plaintiff(s) and a written response by each Defendant. The parties must also discuss whether private mediation or an early settlement conference with the Court (or another form of alternative dispute resolution) would be productive

and, if so, when it should occur and what discovery, if any, would be necessary to conduct before such a conference.

The results of that discussion, including any proposals or recommendations, are as follows: **The Plaintiff would be interested in having a settlement conference with the Court after some fact discovery has been completed**. **The Defendants would be interested in having a similar conference promptly after exchange of initial disclosures.**

2. Each party will email to Magistrate Judge Micko's chambers, no later than **one (1) week before** the pretrial conference, a confidential letter of no more than three (3) pages, setting forth what settlement discussions have taken place, whether the party believes an early settlement conference would be productive, what discovery each party believes is necessary before an early settlement conference can take place and any additional, confidential information about the party's interest in settlement or possible settlement proposals as may be of assistance to Magistrate Judge Micko in planning or furthering early settlement efforts. [**NOTE:** This confidential letter should not advance arguments or positions on issues that may come before Magistrate Judge Micko for ruling.]

3. The Court will discuss this topic with the parties at the pretrial conference and will set a date for an early settlement conference or for a status conference to determine when the case will be ready for a productive settlement conference.

## TRIAL

1. Trial by Magistrate Judge:

    The parties **have not** agreed to consent to jurisdiction by the Magistrate Judge pursuant to Title 28, United States Code, Section 636(c). (If the parties agree, the consent form, signed by both parties, should be filed with the Clerk of Court.) Please note that if the parties consent to magistrate judge jurisdiction, all proceedings, including trial by jury, if any, will be before the magistrate judge assigned to the case.

2. The parties agree that this case will be ready for trial on **November 1, 2024.** The anticipated length of the **jury** trial is **3 - 5** days.

|  |  |
|---|---|
|  | **WARNER LAW, LLC** |
| Dated: July 14, 2023 | */s/ George E. Warner, Jr.*<br>George E. Warner, Jr. (#0222719)<br>120 South Sixth Street, Suite 1515<br>Minneapolis, Minnesota 55402-1817<br>Telephone (952) 922-7700<br>george@warnerlawmn.com |
|  | *Attorneys for Plaintiff* |
|  | **LAW OFFICE OF<br>MICHAEL D. SMITH, P.C.** |
| Dated: July 14, 2023 | */s/ Michael D. Smith*<br>Michael D. Smith, Esq. (*pro hac vice*)<br>231 South LaSalle Street, Suite 200<br>Chicago, Illinois 60604<br>Telephone: (312) 546-6138<br>msmith@smithlawchicago.com |
|  | *and* |
|  | **BC DAVENPORT, LLC** |
|  | David A. Davenport, Esq. (#0285109)<br>105 5th Avenue South, Suite 375<br>Minneapolis, Minnesota 55401<br>Telephone: (612) 445-8012<br>Facsimile: (612) 445-8011<br>david@bcdavenport.com |
|  | *Attorneys for Defendants* |